IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kenneth Harley, #14024-057, | ) | |
| a/k/a Kenneth Randall Harley, | ) | C/A No. 4:08-00820-HMH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| United States of America, | ) | |
| a/k/a U.S. Department of Justice/Federal | ) | |
| Bureau of Prisons, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendant's motion to dismiss, or in the alternative, for summary judgment. The plaintiff, Kenneth Harley ("Harley"), a federal prisoner who is proceeding *pro se*, filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671-2680, et. seq. Harley claims he received inadequate medical care for an alleged fractured nose and/or deviated septum while he was housed at Federal Correctional Institution ("FCI") Bennettsville.

On June 30, 2008, the defendant filed a motion to dismiss, or in the alternative, for summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 56. By order filed July 2, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. Following an extension of time, Harley filed a response on October 3, 2008. This motion is now before the court for a Report and Recommendation.

**FACTUAL BACKGROUND**

According to Harley's Complaint, on March 31, 2006, while Harley was playing basketball at FCI Bennettsville, an incident occurred allegedly causing Harley to fracture his nose. (Compl., Docket Entry 1 at 4.) Harley asserts that he "promptly reported to medical emergency sick-call" for his injury. (Id.) He further alleges that his injury was painful and as a result he is unable to breathe properly. Harley states that from March 31, 2006 through June 5, 2007, he requested and was denied adequate medical care to treat his pain and to correct his disfigured nose and that his requests to have a specialist examine his nose were denied. Harley contends that the only treatment he was offered was allergy nasal spray, which is inadequate for a fractured nose. He alleges that as a result of the actions of the staff at FCI Bennettsville he suffered the following: "pain, the inability to breath normally, prolonged pain, the inability to sleep normally, the inability to stay asleep, chronic pain, headaches, runny nose, pressure in head and nasal passages, disfigurement, emotional stress and pain, as well as other injuries and damages not fully known at this time." (Id. at 5.) Harley seeks $100,000 in compensatory damages.

The defendant submitted several exhibits in support of its motion, including excerpts from Harley's medical records, a declaration from the Clinical Director of FCI Bennettsville, copies of Harley's FTCA claim and the Government's response, and an excerpt from the Program Statement of the Federal Bureau of Prisons. (Docket Entry 19, Attachments.)

**DISCUSSION**

**A.    Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. If the court considers "matters outside the pleadings" when deciding a motion under Rule 12(b)(6), the motion "must be treated as one for summary judgment under Rule 56" and all parties must have a "reasonable

opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). In this case, the court is asked to consider supplemental documentation attached to the defendant's motion. (See Docket Entry 19, Attachments.) All parties have had a reasonable opportunity to address a motion for summary judgment under Rule 56. Accordingly, the court will review this case applying the standard for summary judgment.

**B.      Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319

(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir.1990).

## C.     Federal Tort Claims Act

Federal prisoners may sue the United States under the FTCA for personal injuries caused by the negligence of government employees acting within the scope of their employment.[1] 28 U.S.C. § 1346(b); United States v. Muniz, 374 U.S. 150, 150-53 (1963). To determine whether the United States is liable under the FTCA, the court must apply "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Thus, for the purposes of this action, South Carolina tort law applies.

To establish negligence in South Carolina, a plaintiff must prove by a preponderance of the evidence the following: "(1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." Bloom v. Ravoira, 529 S.E.2d 710, 712 (S.C. 2000); see also Bishop v. S.C. Dep't of Mental Health, 502 S.E.2d 78, 82 (S.C. 1998); S.C. State Ports Auth. v. Booz-Allen & Hamilton, Inc., 346 S.E.2d 324, 325 (S.C. 1986). "The absence of any one of these elements renders the cause of action insufficient." S.C. State Ports Auth., 346 S.E.2d at 325. Moreover, when the alleged negligence involves medical malpractice, South Carolina law requires the plaintiff to produce expert testimony "to establish both the required standard of care and the defendant's failure to conform to that

---

[1] Prior to obtaining relief in federal court under the FTCA, a plaintiff must first have exhausted his administrative remedies. See 28 U.S.C. § 2675; McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). The defendant does not appear to dispute that Harley has exhausted his administrative remedies with respect to the claims at issue. (See Docket Entry 19 at 4-5.)

standard, unless the subject matter lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant." Pederson v. Gould, 341 S.E.2d 633, 634 (S.C. 1986) (citing Bothehlo v. Bycura, 320 S.E.2d 59 (S.C. Ct. App. 1984)).

An affirmative duty of care may arise from a statute if the essential purpose of the statute is to protect the plaintiff from the kind of harm he suffered and the plaintiff is a member of the class of persons the statute is intended to protect. Rayfield v. S.C. Dep't of Corr., 374 S.E.2d 910, 914 (S.C. Ct. App. 1988). In this case, the Bureau of Prisons owes Harley an affirmative legal duty of care in accordance with 18 U.S.C. § 4042, which states, in pertinent part, that the Bureau of Prisons has a duty to "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(2). This statutory duty has been interpreted as requiring employees of the Bureau of Prisons to exercise "ordinary diligence to keep prisoners safe and free from harm." See Buchanan v. United States, 915 F.2d 969, 971 (5th Cir. 1990); Beckwith v. Hart, 263 F. Supp. 2d 1018, 1022 (D. Md. 2003); see also Owens v. Haas, 601 F.2d 1242, 1249 (2d Cir. 1979) (stating that "the federal government owes a duty of reasonable care"). Examining the submissions of the parties in light of these standards, the court finds that Harley has failed to establish a breach of this duty of reasonable care sufficient to survive the defendant's motion for summary judgment.

In support of the defendant's motion, the United States submitted the declaration of Dr. Luis Berrios, the Clinical Director at FCI Bennettsville.[2] (Docket Entry 19, Attachment 3.) Dr. Berrios declared that he examined Harley on April 3, 2006, three days after Harley sustained the injury to his nose. (Id. at 3.) At that time, Dr. Berrios stated that Harley did not have a severe obstruction

---

[2] Dr. Berrios's declaration was signed under penalty of perjury as true and correct and therefore is treated as an affidavit. See 28 U.S.C. § 1746 (noting that unsworn declarations can satisfy an affidavit requirement if signed under penalty of perjury).

of his nasal passage and, therefore, there was "no medical procedure medically indicated." (Id.) Dr. Berrios further declared that he offered Harley pain medication, which Harley declined. On May 3, 2006, during a follow-up visit, Harley reported difficulty breathing at night. Upon examination, a staff physician determined that there was swelling in the *right* passage of Harley's nose, but "his breathing was not compromised." (Id.) Dr. Berrios stated that "Harley had a history of allergies and a slight deviated septum to the *left* passage," and indicated that the staff physician provided him with nasal spray for his allergies. (Id.) (emphasis added). The physician informed Harley that any other treatment for his nose would be considered cosmetic without a severe obstruction of the nasal passage. (Id.) Dr. Berrios examined Harley again on May 23, 2006. (Id. at 4.) Dr. Berrios stated that "Harley informed me he was doing okay, but he was still experiencing on and off nasal congestion" and "indicated he was not in any pain." (Id.) Based on Dr. Berrios's examination he diagnosed Harley with chronic rhinitis, provided him with nasal spray, and informed him that "there would be no medical procedure to be done for his fracture since he did not have a severe obstruction of nasal passage." (Id.) Thereafter, Dr. Berrios declared that "Harley has been seen by medical staff on numerous occasions . . . and he has not voiced any concerns about his nose." (Id.) In sum, Dr. Berrios stated that a review of Harley's medical records indicated that the medical care for his fractured nose did not cause him to endure any of the conditions that Harley claims to have suffered. (Id.) Moreover, Dr. Berrios opined that "some of the conditions Mr. Harley claims he suffers could be the result of the injury itself, but were not caused by the negligence of staff." (Id.) The defendant further offered excerpts from Harley's medical records which support the statements in Dr. Berrios's declaration. (Docket Entry 19, Attachment 2.)

In response, Harley asserts that summary judgment would be premature at this time, as discovery has not yet begun. (Docket Entry 27 at 7-8.) "Generally speaking, 'summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information

that is essential to his opposition.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Anderson, 477 U.S. at 250 n.5). However, this rule does not preclude summary judgment here. While Harley has submitted a document entitled "Plaintiff[']s Statement of Disputed Factual Issues," the statements in the document are not sworn, notarized, or declared under penalty of perjury and therefore do not meet the requirements of an affidavit. See 28 U.S.C. § 1746. "[T]he failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." Harrods Ltd., 302 F.3d at 244 (quoting Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)). Moreover, Harley has failed to offer any explanation of what additional discovery he needs with respect to his claims. See Evans, 80 F.3d at 961 (stating that "[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit") (quoting Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995)).

The only evidence Harley presents in his response to the defendant's motion is his opinion as to the severity of his injury and the proper treatment for such injury. (Docket Entry 27.) Harley asserts that the standard of care in this case does not require expert testimony because it is "within the common knowledge of lay people." (Id. at 6.) This argument is without merit. Harley has failed to establish that "the subject matter lies within the ambit of common knowledge and experience" to relieve him of the requirement of expert testimony. Pederson, 341 S.E.2d at 634.

While Harley may prove negligence by circumstantial and direct evidence, he cannot rely on mere conjecture or speculation, nor can he prove negligence through the doctrine of *res ipsa loquitur*. See McQuillen v. Dobbs, 204 S.E.2d 732, 735 (S.C. 1974); Chaney v. Burgess 143 S.E.2d 521, 523 (S.C. 1965). Harley's conclusory statements, without supporting evidence, are insufficient to establish that the defendant failed to discharge its legal duty of care to him. Harley has not

presented any evidence from any medical authority or any other probative evidence to support his claim that the defendant breached its legal duty of care. By contrast, the defendant has provided Harley's medical file and a declaration showing that Harley received appropriate medical care for his fractured nose. Harley cannot survive summary judgment with mere allegations without specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion for summary judgment (Docket Entry 19) be granted.

*Paige J. Gossett*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 29, 2008
Columbia, South Carolina

*The parties' attention is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).